UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRENDA PACHECO, in her individual capacity, and MAXIMILIANO LOPEZ and CAROL BUCHANAN, on behalf of themselves and a class of those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WESSAM ALDEEB; ERSAN ALDEEB; SAADIA RACHIK; PALMS ADMINISTRATIVE SERVICES, LLC; LA CANTERA SUBWAY, INC.; NORTH STAR MARBLE SLAB INC.; GREAT AMERICAN COOKIES-N-CREAM, LLC; PYRAMIDS EXCHANGE, LLC; LEGACY MARBLE SLAB, INC.; WESTOVER MARBLE SLAB, INC.; LEGACY SUBWAY, INC.; INGRAM PARK MARBLE SLAB, LLC; and NORTH STAR SWIRLY, LLC,<br><br>    Defendants. | CV. NO. 5:14-CV-121-DAE |

ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER,
CORRECTIVE NOTICE, AND SANCTIONS

        Before the Court is a Motion for Protective Order, Corrective Notice, and Sanctions filed by Plaintiffs Maximiliano Lopez and Carol Buchanan, on behalf of themselves and all others similarly situated, Brenda Pacheco, Miguel

1

Robles, Karen Green, and Robert Maldonado (collectively, "Plaintiffs") (Dkt. # 68).  The Court held a hearing on the Motion on September 1, 2015.  At the hearing, Sarah Donaldson and Philip Moss, Esqs., represented Plaintiffs, and Haroon Rafati, Esq., represented Defendants Wessam Aldeeb; Ersan Aldeeb; Saadia Rachik; Palms Administrative Services, LLC; La Cantera Subway, Inc.; North Star Marble Slab Inc.; Great American Cookies-N-Cream, LLC; Pyramids Exchange, LLC; Legacy Marble Slab, Inc.; Westover Marble Slab, Inc.; Legacy Subway, Inc.; Ingram Park Marble Slab, LLC; and North Star Swirly, LLC (collectively, "Defendants").  After careful consideration of the supporting and opposing memoranda and the parties' arguments at the hearing, the Court, for the reasons that follow, **GRANTS** Plaintiffs' Motion for Protective Order, Corrective Notice, and Sanctions.

## BACKGROUND

On February 11, 2014, Plaintiffs filed an Amended Complaint in this Court asserting that Defendants failed to pay their employees for all hours worked and for overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, on behalf of themselves and all similarly situated persons employed by Defendants in the three years prior to filing the Complaint.  (Dkt. # 2 ¶¶ 41, 43–44.)  Plaintiffs filed a Second Amended Complaint on June 22, 2015.  (Dkt. # 64.)

Plaintiffs seek unpaid overtime wages, unpaid minimum wages, liquidated damages, and attorneys' fees and costs.  (Id. at 10–11.)

On March 31, 2015, the Court entered an Order conditionally certifying the class, but found that named plaintiff Brenda Pacheco ("Pacheco") could not represent the class and must proceed as an individual plaintiff because she is not similarly situated to the class of hourly wage employees.  (Dkt. # 37.)  On April 6, 2015, the Court entered an Order providing for notice to potential class members, setting a 60-day notice period, and giving Plaintiffs 15 days following the expiration of the notice period to file notices of consent to join the lawsuit.  (Dkt. # 39.)

On July 20, 2015, Plaintiffs filed the instant Motion for Protective Order, Corrective Notice, and Sanctions.  (Dkt. # 68.)  Plaintiffs allege that Defendants "have engaged in an improper campaign to frustrate the Court-supervised notice and to keep Plaintiffs and Class Members from participating in the lawsuit."  (Id. at 1.)  Plaintiffs specifically allege that Defendants have demanded that current employees sign releases as a condition to receiving paychecks, withheld paychecks from employees who would not sign such releases, represented to plaintiffs and class members that there was no point in joining the lawsuit and that the lawsuit had ended, offered an opt-in plaintiff a raise if he dropped his claims, reduced the hours of an opt-in plaintiff,  and offered

3

money to an employee to persuade other plaintiffs to dismiss their claims. (Id. at 1–2.) In support of these allegations, Plaintiffs have submitted the declarations of opt-in plaintiff Tevin Todd ("Todd"), opt-in plaintiff Erik Ibarra ("Ibarra"), and individual plaintiff Pacheco.

Todd worked for Defendants' Marble Slab Creamery franchises from 2014 until July 2015. ("Todd Decl.," Dkt. # 68-1 ¶ 2.) Todd declares that Defendant Ersan Aldeeb ("Aldeeb") told him and several other employees that "there was no point in signing up for the lawsuit because people were not going to get paid." (Id. ¶ 3.) After Todd joined the lawsuit, Aldeeb asked why he had joined the lawsuit, and the same day offered Todd a $1,000 loan. (Id. ¶ 5.) Shortly thereafter, Aldeeb offered Todd a raise if he wrote an email to Plaintiffs' counsel stating that he wanted to dismiss his claims. (Id. ¶ 6.) Todd did not want to send the email but was concerned that he would not receive a raise if he did not cooperate. (Id.) Aldeeb told Todd what to write, and watched him write and send the email.[1] (Id.) In June 2015, Aldeeb called Todd and told him "the lawsuit was over." (Id. ¶ 7.)

Pacheco worked for Defendants' Marble Slab Creamery and Great American Cookies franchises from 2007 through 2013, with a gap of about one year around 2009. ("Pacheco Decl.," Dkt. # 68-3 ¶ 2.) Pacheco also returned to

---

[1] Defendants have submitted what appears to be the correspondence in question from Todd to Plaintiffs' counsel, albeit in letter form. (See Dkt. # 69-2, Ex. B.)

work for the companies in May and June of 2015 "in order to pay bills and support [her] family."  (Id. ¶¶ 2, 6.)  In May 2015, Defendant Wessam Aldeeb asked that Pacheco contact named plaintiffs Maximiliano Lopez and Carol Buchanan to persuade them to drop the lawsuit, and offered her money if she was successful.  (Id. ¶ 10.)  Also in May, Wessam Aldeeb wrote emails to be sent by Pacheco to Plaintiffs' attorneys requesting that Plaintiffs' counsel not contact Pacheco and that they drop her case.  (Id. ¶ 7.)  Pacheco believes Wessam Aldeeb sent at least one email to Plaintiffs' counsel from her email account by using her password without her consent.  (Id.)  Additionally, on June 24, 2015, Wessam Aldeeb required Pacheco to enter the password to her email account so that he could write an email to Pacheco's attorneys.  (Id. ¶ 8.)  Pacheco believed she needed to cooperate in order to receive her paycheck, and allowed Wessam Aldeeb to send an email on her behalf asking to dismiss her claims.  (Id.; Dkt. # 69-4, Ex. D at 6).

Finally, Todd, Pacheco, and Ibarra[2] all state that in the spring of this year, Defendants began requiring employees to sign a waiver in order to receive their paychecks.  (Todd Decl. ¶ 8; Pacheco Decl. ¶ 9; "Ibarra Decl.," Dkt. # 68-2 ¶ 3.)  Ibarra and Todd know of coworkers who refused to sign the waiver and were subsequently not given their paychecks for several days.  (Todd Decl. ¶ 9; Ibarra Decl. ¶ 4.)  Defendants have also submitted an employment contract that they

---

[2] Ibarra worked for Defendants' Marble Slab Creamery franchises from November 2015 until June 2015.  (Ibarra Decl. ¶ 2.)

5

required all of their employees to sign after the lawsuit commenced.  (Dkt. # 69 at 5–6; Dkt. # 69-3, Ex. C.)  The contract requires employees to represent that, as of the date of execution, the employee was properly compensated for all hours worked, is owed no overtime pay, and has never been required to work "off the clock," each of which are factual allegations at issue in this action.  (Dkt. # 69-3, Ex. C ¶ 7; Dkt. # 64. ¶¶ 37–42.)  The contract also requires employees to bring disputes regarding compensation to the employer before seeking legal counsel.  (Id. ¶ 6.)

## DISCUSSION

Because class actions present special opportunities for abuse, courts have broad authority to govern the conduct of both counsel and parties in FLSA collective actions.  Belt v. Emcare, Inc., 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003) (citing Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989)).  This authority includes the power to restrict communication between a party and absent class members.  Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).  The court's discretion in this area, however, is "not unlimited."  Id.  The Supreme Court has explained that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  Id. at 101.  Furthermore, district courts may not restrict

communication "without a specific record showing by the moving party of the particular abuses by which it is threatened." Id. at 102 (quoting Coles v. Marsh, 560 F.2d 186, 189 (3d Cir. 1977)).[3]

Courts consider four factors to determine whether good cause exists to restrict ex parte communications tending to discourage absent class members from joining the suit: the severity and likelihood of the perceived harm, the precision with which the order is drawn, the availability of a less onerous alternative, and the duration of the order. Belt, 299 F. Supp. 2d at 668 (citing Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1206 (11th Cir. 1985) and Hampton Hardware Inc. v. Cotter & Co., Inc., 156 F.R.D. 630, 633 (N.D. Tex. 1994)).  Courts "have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to . . . encourag[e] class members not to join the suit." Id. at 667–68.  "Speech between parties with an ongoing business relationship is inherently conducive to coercive influence, and an employer-employee relationship is a salient example of this type of ongoing business relationship." Castillo v. Hernandez, No. EP-10-CV-247-KC, 2011 WL 1528792, at *3 (W.D. Tex. Apr. 20, 2011) (citations omitted).

---

[3] Although Gulf Oil dealt with the Rule 23 class action context, the same concerns and considerations apply to § 216(b) FLSA cases. Hoffman-La Roche, 493 U.S. at 171.

Here, there is ample evidence that Defendants have improperly discouraged their employees from joining this suit, and have further attempted to use their influence as employers to force plaintiffs who have joined to the suit to drop their claims. Plaintiffs' evidence establishes that Defendants have conditioned the delivery of paychecks to current employees on the employees' agreement to represent that they have no claims against Defendants, offered an employee a raise in exchange for telling Plaintiffs' counsel that he wished to dismiss his claims, written emails on behalf of employees to Plaintiffs' counsel asking that their claims be dismissed, and offered to pay an employee to persuade other plaintiffs to dismiss their claims. By Defendants' own admission, after commencement of this suit, they required all of their employees to sign an agreement representing that they had been "fully and properly compensated" for all hours worked and requiring them to bring compensation disputes to Defendants before seeking legal counsel.

While Defendants' Response levels a variety of accusations at the declarants and Plaintiffs' counsel, Defendants have submitted no evidence to support their allegations. These allegations include that Plaintiffs' attorneys have improperly solicited employees to opt in to this suit, that the three declarants were "involved in a conspiracy and practice of taking money from the cash drawers," that Ibarra is "wanted" by the police for stealing from a cash drawer, and that

Pacheco's claims are brought in bad faith.  None of these assertions are supported by any competent evidence, and appear to be an attempt to distract from Defendants' own misconduct.  Defendants have submitted an email from Plaintiffs' counsel denying any improper solicitation of potential class members; Plaintiffs' objections to a request for production; communications ostensibly from Pacheco and Todd asking Plaintiffs' counsel to dismiss their claims (which each has declared to be a result of Defendants' coercion); and the employment agreement, described above, that Defendants required their employees to sign after this suit commenced.  This evidence provides no support for Defendants' allegations, is consistent with the testimony of Plaintiffs' declarants, and in the case of the employment agreement, strongly supports Plaintiffs' claims that Defendants have improperly attempted to discourage and prevent potential class members from joining this suit.

In light of this evidence, the Court finds good cause to enjoin Defendants from engaging in any ex parte communication with plaintiffs or class members regarding the subject matter of this action while the litigation is ongoing. See Castillo, 2011 WL 1528762, at *7–8 (prohibiting defendants from communicating with plaintiff employees about the subject matter of a FLSA case where defendants sent letters inquiring into plaintiffs' immigration status and threatened a plaintiff with a lawsuit); Belt, 299 F. Supp. 2d at 669 (enjoining

defendants from making ex parte communications with class members where defendants sent letter mischaracterizing the action and the available remedies); cf. Burrell v. Crown Cent. Petroleum, Inc., 176 F.R.D. 239, 244 (E.D. Tex. 1997) (refusing to enjoin a class action defendant from engaging in commercial speech with its employees where the evidence showed defendant's communications were not misleading or coercive).  To correct the prejudice caused by Defendants' conduct, the Court will allow Plaintiffs to send the corrective notice attached to this Order to all class members by U.S. mail.  The corrective notice shall also be posted by Defendants at their places of business in a location visible to employees.  Defendants shall bear the cost of sending the corrective notice, and must further pay Plaintiffs' reasonable attorneys' fees incurred in bringing this Motion.[4]  Class members shall have an additional 45 days from the date of this Order to file their notices of consent to join this suit.

## CONCLUSION

The Court, for the foregoing reasons, **GRANTS** Plaintiffs' Motion for Protective Order, Corrective Notice, and Sanctions, and **ORDERS** that:

---

[4] To establish the amount of reasonable attorneys' fees owed by Defendants, Plaintiffs shall submit a motion, supported by affidavits and other appropriate documentation, setting out its reasonable attorneys' fees related to this matter.

1. Defendants and their counsel are prohibited from making any ex parte communications with plaintiffs or class members regarding this action until the action has concluded;

2. Plaintiffs' counsel are authorized to send by U.S. mail the corrective notice attached to this Order within thirty (30) days of the entry of this Order;

3. Defendants shall bear the cost of mailing the corrective notice within seven (7) days of the date that Plaintiffs' counsel provide Defendants' counsel with an invoice showing the cost of such mailing;

4. Defendants shall post, within three (3) business days after the entry of this Order, the corrective notice attached to this Order, in English and Spanish, at each of Defendants' Subway, Marble Slab Creamery, and Great American Cookies stores in Bexar and Kendall Counties, including but not limited to the locations at the Shops at La Cantera, North Star Mall, Westover Hills Shopping Center, and Legacy Shopping Center.  Defendants shall post the notices in locations to which all employees have access;

5. Defendants, within seven (7) days of posting the corrective notices, shall certify to the Court in writing that they have posted the notices.

Defendants may remove the posted notices thirty (30) days after the entry of this Order;

6. All opt-in plaintiffs shall have until forty-five (45) days after the entry of this Order to file their Notices of Consent to Join this suit; and

7. Defendants shall pay Plaintiffs' reasonable attorneys' fees incurred in bringing the Motion for Protective Order, Corrective Notice, and Sanctions. Plaintiffs shall file a motion, supported by appropriate evidence, for reasonable attorneys' fees in this matter, to which Defendants will have an opportunity to respond.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 1, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

**IMPORTANT NOTICE TO CURRENT AND FORMER
EMPLOYEES OF FOOD SERVICE FRANCHISES (INCLUDING SUBWAY, MARBLE SLAB
CREAMERY, AND GREAT AMERICAN COOKIES FRANCHISES) OPERATED BY WESSAM
ALDEEB, ERSAN ALDEEB, AND SAADIA RACHIK**

> **1) You have the right to participate in this lawsuit even if you have signed a release of your claims.**
>
> **2) Your employer is prohibited by law from threatening or coercing you to keep you from participating in this lawsuit.**
>
> **3) Your employer is also prohibited from retaliating against you for participating in this lawsuit.**

**If you worked for food service franchises (including Subway, Marble Slab Creamery, or Great American Cookies franchises located at places including the Shops at La Cantera, North Star Mall, Westover Hills Shopping Center, and Legacy Shopping Center) operated by Wessam Aldeeb, Ersan Aldeeb, and Saadia Rachik at any time between [insert date three years before date of Court's order] and today, YOU MAY BE ENTITLED TO JOIN A LAWSUIT FOR UNPAID WAGES AND MONEY DAMAGES.**

1. *Why are you getting this notice? What is this lawsuit about?*

Former food service employees, including Maximiliano Lopez and Carol Buchanan ("the Plaintiffs") initially brought this lawsuit on behalf of themselves and all persons similarly situated against Wessam Aldeeb, Ersan Aldeeb, Saadia Rachik and several entities that operated franchise establishments under names including Subway, Marble Slab Creamery, and Great American Cookies located at places including the Shops at La Cantera, North Star Mall, Westover Hills Shopping Center, and Legacy Shopping Center ("the Defendants"). The Plaintiffs claim that they regularly had to perform work tasks but they were not paid for all of their work time. The Plaintiffs also claim that they were not paid one and one half times their hourly rate ("overtime") for all hours worked over 40 in a work week.

The Defendants deny the Plaintiffs' claims. The Court has not decided who is right.

2. *You may be able to make a claim in the lawsuit if:*

- You worked as a food service worker for the Defendants at any time between [**insert date three years before date of Court's order**] **and today**;
- You worked more than forty (40) hours in a week and were not compensated for all hours worked or were not paid one and one half times your regular rate of pay ("overtime") for all hours worked over 40 in a work week.

3. *What are your options?*

If you want to make a claim for unpaid wages in this case, you may mail the attached Consent to Join form and informational sheet to Plaintiffs' attorneys at the address below. If you mail a Consent to Join form to Plaintiffs' attorneys on time, you will be part of the case, and will agree to be represented by Plaintiffs' attorneys. You may also obtain an attorney of your own choosing (at your own expense), who can file your Consent to Join with the Court. If the Plaintiffs lose, you will receive nothing. If you join this lawsuit, you may or may not be required to

*This is a Court Notice, Not an Advertisement from a Lawyer.*

provide records, answer written questions, testify under oath, or any combination of these things. If the Plaintiffs win or settle the case, you may receive money from the Defendants.  If the Plaintiffs lose, you will receive nothing. Your decision not to join this lawsuit will not affect any rights you may have to pursue claims on your own. However, the legal time limit to make a claim is running. **You have the right to participate in this claim regardless of your immigration status and no one will be permitted to inquire about your immigration status in this case. The Defendants may not retaliate against you or mistreat you in any way for joining this lawsuit. The law prohibits anyone from discriminating or retaliating against you if you choose to take part in this case.  This means that you should not be fired, demoted, or have your pay cut because you participate in this case.**

**You have the right to join this lawsuit even if you already signed a statement denying that you are owed anything.**

**If you want to join the lawsuit and make a claim for unpaid wages, your signed Consent to Join form must be postmarked, emailed or faxed to either or both of the attorneys listed below by [insert date 60 days after the date of the Court's order]**

**If you do not wish to join, you do not have to do anything.**

4. *How can you get more information?*

You can get more information by calling the Plaintiffs' attorneys or any attorney of your choosing.  The Plaintiffs' attorneys are:

> EQUAL JUSTICE CENTER
> **PHILIP J. MOSS**
> 8301 Broadway Street, Suite 309
> San Antonio, Texas 78209
> Teléfono: (210) 308-6222 ext. 102
> Fax: (210) 308-6223
> Dirección de correo electrónico:
> pmoss@equaljusticecenter.org
>
> Se habla Español / Spanish spoken

## **CONSENT TO JOIN FLSA OVERTIME LAWSUIT**

I understand that I may be eligible to join the action filed by Maximiliano Lopez and Carol Buchanan ("Named Plaintiffs") to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs from **food service franchises (including Subway, Marble Slab Creamery, or Great American Cookies franchises located at places including the Shops at La Cantera, North Star Mall, Westover Hills Shopping Center, and Legacy Shopping Center), operated by Wessam Aldeeb, Ersan Aldeeb, and Saadia Rachik** (the "Defendants").

By filing this consent, I understand that I designate the Named Plaintiffs, hereinafter the "Representative Plaintiffs," as my agents to make decisions on my behalf concerning this Fair Labor Standards Act lawsuit against Defendants including the method and manner of conducting this lawsuit, entering into settlement agreements, entering into agreements with Representative Plaintiffs' attorneys, and all other matters pertaining to Fair Labor Standards Act Litigation against Defendants. These decisions and agreements made and entered into by the Representative Plaintiffs will be binding on me if I sign this consent.

I understand that Representative Plaintiffs have entered into a Representation Agreement ("Agreement") with the law firm of the Equal Justice Center which applies to all plaintiffs who file this consent. If I sign this consent, I agree to be bound by such Agreement. I further understand that I may obtain a copy of the Agreement by requesting it from Representative Plaintiffs' attorneys.

I agree and understand that the Equal Justice Center and/or the Representative Plaintiffs may in the future appoint other individuals to be Representative Plaintiffs in Fair Labor Standards Act Litigation against Defendants. I consent to such appointment and agree to be bound by the decisions of such new Representative Plaintiff(s) for all purposes related to Fair Labor Standards Act Litigation against Defendants. I further acknowledge that this consent is intended to be filed to recover my overtime wages against Defendants whether in the action with the Named Plaintiffs or in any subsequent action that may be filed on my behalf for such recovery. This consent may be used in this case or in any subsequent case as necessary.

By choosing to file this consent, I understand that I will be bound by the judgment of the Court. I will also be bound by, and will share in, any settlement that may be negotiated on behalf of all Plaintiffs.

I consent to join in the action to recover my unpaid wages and overtime.

_____    _____
Signature                                                    Date

_____
Printed Name

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

This information will not be made part of any public record and is necessary for your attorney's files for litigation and possible settlement purposes.

Name:_____

Any other Name(s) used or known by:

_____

Street Address: _____

Mailing Address: _____

City, State & Zip Code: _____

Daytime Telephone: _____

Evening Telephone: _____

Cellular Telephone: _____

E-Mail Address: _____

      Return these forms to:
                        Philip J. Moss
                        Equal Justice Center
                        8301 Broadway Street, Suite 309
                        San Antonio, Texas 78209

**AVISO IMPORTANTE PARA LOS EMPLEADOS ACTUALES Y EX EMPLEADOS DE FRANQUICIAS DE SERVICIO DE ALIMENTOS (INCLUYENDO FRANQUICIAS SUBWAY, MARBLE SLAB CREAMERY Y GREAT AMERICAN COOKIES) OPERADAS POR WESSAM ALDEEB, ERSAN ALDEEB, Y SAADIA RACHIK**

> 1) **Usted tiene el derecho a participar en esta demanda incluso si ha firmado una liberación de sus reclamaciones.**
>
> 2) **Su empleador está prohibido por ley de amenazar o forzar a usted para impedir que participe en esta demanda.**
>
> 3) **Su empleador también tiene prohibido tomar represalias contra usted por participar en esta demanda.**

Si usted trabajó para franquicias de servicio de alimentos (incluyendo franquicias Subway, Marble Slab Creamery, o Great American Cookies ubicadas en lugares incluyendo las Tiendas de la Cantera, el Centro Comercial North Star, el Centro Comercial Westover Hills, y Centro Comercial Legacy) operadas por Wessam Aldeeb, Ersan Aldeeb y Saadia Rachik en cualquier momento entre el [añadir fecha tres años antes de la fecha de la orden de la corte], y hoy, USTED PODRÍA TENER DERECHO A UNIRSE A UNA DEMANDA POR SUELDOS NO PAGADOS Y DAÑOS DE DINERO.

1. *¿Por qué está usted recibiendo este aviso? ¿De qué se trata esta demanda?*

Ex empleados de servicio de alimentos, incluyendo Maximiliano López y Carol Buchanan ("los Demandantes") inicialmente interpusieron esta demanda de parte de ellos mismos y todas las personas en la misma situación contra Wessam Aldeeb, Ersan Aldeeb, Saadia Rachik y varias entidades que operaron establecimientos de franquicias bajo nombres incluyendo Subway, Marble Slab Creamery, y Great American Cookies ubicadas en lugares incluyendo las Tiendas de la Cantera, el Centro Comercial North Star, el Centro Comercial Westover Hills, y Centro Comercial Legacy ("los Demandados").  Los Demandantes alegan que regularmente tenían que realizar tareas de trabajo pero no se les pagaba por todo su tiempo de trabajo. Los Demandantes alegan también que no se les pagaba tiempo y medio (1.5) de su tasa de pago regular ("overtime") por todas las horas trabajadas de más de 40 en una semana de trabajo.

Los Demandados niegan las reclamaciones de los Demandantes. La Corte no ha decidido quién tiene la razón.

2. *Usted podría hacer una reclamación en este caso si:*

- Usted trabajó como trabajador(a) de servicio de alimentos para los Demandados en cualquier momento entre el **[añadir fecha tres años antes de la fecha de la orden de la corte], y hoy;**
- Usted trabajo más de cuarenta (40) horas en una semana y no le pagaron por todas las horas trabajadas o no se le pago tiempo y medio de su tasa de pago regular ("overtime") por todas las horas trabajadas de más de 40 en una semana de trabajo.

3. *¿Cuáles son sus opciones?*

Si usted desea reclamar por los salarios no pagados en este caso, usted puede enviar por correo el formulario de Consentimiento para Unirse a la Demanda y la hoja de información adjuntos a los abogados de los Demandantes a

la dirección que aparece abajo. Si usted envía su formulario de Consentimiento para Unirse a la Demanda a los abogados de los Demandantes a tiempo, será parte del caso, y está de acuerdo de ser representado por los abogados de los Demandantes. Usted también puede obtener un abogado de su elección (los gastos corriendo por su propia cuenta), quién pueda presentar su Consentimiento para Unirse a la Demanda con la corte. Si los Demandantes pierden, usted no recibirá nada. Si usted se une a esta demanda, puede o no puede que se le requiera proveer records, contestar preguntas escritas, dar su testimonio jurado, o una combinación de estas cosas. Si los Demandantes ganan o resuelven el caso, usted podría recibir dinero adicional de los Demandados. Si los Demandantes pierden, usted no recibirá nada. Su decisión de no unirse a esta demanda no afectará cualquier derecho que pueda tener para perseguir reclamaciones por su cuenta. Sin embargo, el plazo legal para hacer una reclamación está corriendo. **Usted tiene el derecho a participar en esta demanda sin importar su estatus migratorio y no se permitirá preguntar sobre su estatus migratorio en este caso. Los Demandados no pueden tomar represalias contra usted o maltratarlo(a) de cualquier manera por unirse a esta demanda. La ley prohíbe cualquier discriminación o represalias contra usted si usted decide formar parte en este caso. Esto significa que usted no debe ser despedido, degradado, o que se le reduzca su sueldo porque usted participa en este caso.**

**Usted tiene el derecho a unirse a esta demanda incluso si ya firmó una declaración negando que se le deba nada.**

**Si usted desea unirse a la demanda y hacer una reclamación por salarios no pagados, debe enviarnos su formulario de Consentimiento para Unirse a la Demanda firmado con sello de correos, por correo electrónico o por fax a uno o ambos de los abogados que aparecen abajo a más tardar para el [añadir fecha 60 días de la fecha de la orden de la corte].**

**Si usted no desea unirse a la demanda, simplemente no haga nada.**

   *4. ¿Cómo puede obtener más información?*

Usted puede obtener más información llamando a los abogados de los Demandantes o a cualquier abogado que usted escoja. Los abogados de los Demandantes son:

> EQUAL JUSTICE CENTER
> **PHILIP J. MOSS**
> 8301 Broadway Street, Suite 309
> San Antonio, Texas 78209
> Teléfono: (210) 308-6222 ext. 102
> Fax: (210) 308-6223
> Dirección de correo electrónico:
> pmoss@equaljusticecenter.org
>
> Se habla Español / Spanish spoken

**CONSENTIMIENTO PARA UNIRSE A LA DEMANDA DE LA LEY DE NORMAS JUSTAS DE TRABAJO (FLSA – SIGLAS EN INGLÉS) SOBRE HORAS EXTRAS**

Yo entiendo que puedo ser elegible a unirme a la demanda presentada por Maximiliano López y Carol Buchanan ("Demandantes Nombrados") para recuperar los salarios no pagados por horas extras, daños y perjuicios, honorarios de abogados y costos de **las franquicias de servicio de alimentos (incluyendo Subway, Marble Slab Creamery, o Great American Cookies ubicadas en lugares incluyendo las Tiendas de la Cantera, el Centro Comercial North Star, el Centro Comercial Westover Hills, y Centro Comercial Legacy) operadas por Wessam Aldeeb, Ersan Aldeeb, y Saadia Rachik** (los "Demandados").

Con la presentación de este consentimiento, yo entiendo que designo a los Demandantes Nombrados, en lo sucesivo los "Demandantes Representantes," como mis agentes para tomar decisiones de mi parte con respecto a esta demanda bajo la Ley de Normas Justas de Trabajo (FLSA) contra los Demandados incluyendo el método y la manera de llevar a cabo esta demanda, entrar en acuerdos extrajudiciales, entrar en acuerdos con los abogados de los Demandantes Representantes, y todos los demás asuntos relacionados con la Ley de Normas Justas de Trabajo en contra de los Demandados. Estas decisiones y acuerdos alcanzados y suscritos por los Demandantes Representantes me obligarán a mí si firmo este consentimiento.

Yo entiendo que los Demandantes Representantes han llegado a un Acuerdo de Representación ("Acuerdo") con la firma de abogados del Equal Justice Center que aplica a todos los demandantes que presenten este consentimiento. Si firmo este consentimiento, estoy de acuerdo en ser obligado(a) por dicho Acuerdo. Además, entiendo que puedo obtener una copia del Acuerdo solicitándola a los abogados de los Demandantes Representantes.

Yo estoy de acuerdo y entiendo que el Equal Justice Center y/o los Demandantes Representantes podrán designar en el futuro a otras personas a ser Demandantes Representantes en el Litigio bajo la Ley de Normas Justas de Trabajo contra los Demandados. Yo doy mi consentimiento a dicho nombramiento y acepto que quedaré obligado(a) a las decisiones de cualquier Demandante Representante(s) nuevo con respecto a todos los efectos relacionados con la Ley de Litigios bajo la ley de Normas Justas de Trabajo en contra los Demandados. Además, reconozco que el propósito de este consentimiento es de presentar una demanda para recuperar mi pago de horas extras contra los Demandados, ya sea en la demanda con los Demandantes Nombrados o en cualquier demanda posterior que se pueda presentar en mi nombre para dicha recuperación. Este consentimiento puede ser utilizado en este caso o en cualquier caso posterior según sea necesario.

Al optar por presentar este consentimiento, yo entiendo que voy a estar obligado(a) por la decisión de la corte. También voy a estar sujeto(a), y participaré, en cualquier arreglo que se pueda negociar en nombre de todos los Demandantes.

Doy mi consentimiento para participar en la demanda.

_____     _____
Firma                              Fecha

_____
Nombre en letra de molde

**POR FAVOR ESCRIBA EN LETRA DE MOLDE O A MÁQUINA LA SIGUIENTE INFORMACIÓN:**

Esta información no formará parte de ningún archivo público pero es necesaria para el expediente de su abogado para propósito del litigio y un posible acuerdo.

Nombre: _____

Cualquier otro nombre(s) que usa o por el cuál es conocido:

_____

Dirección: _____

Dirección postal: _____

Ciudad, Estado & Código Postal:

_____

Teléfono durante el día: _____

Teléfono en la noche: _____

Teléfono celular: _____

Dirección de correo electrónico:

_____

Envíe de vuelta estos formularios a:   Philip J. Moss
                                        Equal Justice Center
                                        8301 Broadway Street, Suite 309
                                        San Antonio, Texas 78209